### In the matter of Morris Weis.

1. A commission under which a party has been found an habitual drunkard, will not be superseded upon a hearing without notice, nor upon *ex parte* affidavits, even with the assent of the guardian.

2. The practice in proceedings to supersede a commission, in cases of habitual drunkenness, should be substantially the same as in cases of lunacy.

3. The truth of the facts alleged in the petition may be examined either in open court or before a master.   Proceeding by reference to a master adopted as the most convenient, safe, and expeditious course.

*Van Fleet*, for the petitioner.

The Chancellor.   Under a commission issued out of this court in the year 1854, the petitioner was found an habitual drunkard.   The petitioner now asks that the commission and proceedings thereon be superseded, on the ground that he is reformed.   The petition is accompanied by the affidavit of the guardian of the lunatic, and of a neighbor of the petitioner.   The court is asked to order a *supersedeas* of the commission, upon the evidence thus presented, without a reference to a master.   It is the first time, so far as I am aware, that the question has been presented, and it is proper that the practice should be settled.

In cases of *lunacy*, under the English practice, the petition for a *supersedeas* is heard before the Chancellor in person, without a reference.    And the commission will not be superseded without the evidence of physicians and the attendance of the lunatic in person.    If the Chancellor doubts, a traverse is permitted, or an issue ordered.    *Ex parte Bumpton, Mosely* 78; *Ex parte Earl Ferrars, Ibid.* 332; 1 *Collinson on Lunacy*, 324–6; 2 *Ibid.* 746; *In re Dyce Sombre*, 1 *Phillips* 436; *In re Gordon*, 2 *Phillips* 242.

In this state the practice has been, in the first instance, to refer the matter to a master for examination and report. *In the matter of Rogers*, 1 *Halst. Ch. R.* 46; *In the matter of Price*, 4 *Ibid.* 533.

Whatever course may be adopted, I am very clear that a commission ought not to be superseded upon an *ex parte* hearing without notice, and upon the evidence of affidavits merely, even with the assent of the guardian.

*In re Dyce Sombre*, 1 *Phillips* 437, Lord Chancellor Lyndhurst said: "The party is not found lunatic upon affidavits; the inquiry takes place under the commission; witnesses are examined *viva voce*, the party himself appearing and being examined by the jury.    It would be extraordinary, if under such circumstances, the commission could be superseded upon the evidence of affidavits merely."

The statute indicates, and the reason of the thing requires, that the practice, in cases of habitual drunkenness, should be substantially the same as in cases of lunacy.    In ordinary cases, there would seem to be less necessity in cases of habitual drunkenness, growing out of the very nature of the investigation, for the attendance of the petitioner or for the evidence of physicians.    But even if these should be dispensed with, there is the greater necessity that the investigation should be conducted with care, in conformity with the ordinary practice of the court, and to guard, as far as practicable, against surprise or collusion.    To require these investigations to be conducted before the Chancellor, would, in most cases, be productive of much inconvenience and expense.    To per-

mit the commission and the proceedings thereon to be superseded upon *ex parte* affidavits without investigation, would be an unwarranted and dangerous departure from the settled practice of the court in similar cases. To adopt the practice of this court in cases of lunacy, and to refer the matter to a master, will be found to be the most convenient, safe, and expeditious course. See *Matter of Hoag*, 7 *Paige* 312. The master will have facilities for conducting the investigation with more safety and with less expense to parties, than could ordinarily be expected in an investigation before the court. He may, if it should appear necessary or expedient, require the evidence of physicians, or the personal attendance of the petitioner. The guardian, as well as the party at whose instance the commission was sued out, or other person interested, should have an opportunity of appearing before the master, or it should satisfactorily appear that the proceeding is had with their consent.

An order of reference will be made accordingly.